THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS PÉREZ PEÑA, Defendant and Appellant.

No. 8851. Decided December 4, 1941.

*Pedro Santos Borges* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This case was decided by a judgment of this court entered on November 10 last, affirming the decision of the district court. On November 12 notice of said judgment was served on the defendant, through his attorney, and on the prosecuting attorney, and as the period of ten days allowed by our rules had elapsed without the filing of a motion for rehearing of any petition in connection with the judgment, the mandate was transmitted on the 24th of the same month to the district court.

At this stage, on November 27, the defendant filed a motion for rehearing through another attorney and, with reference to the transmission of the mandate, he only alleged:

"The mandate from this Hon. Court to the District Court of San Juan to proceed to the execution of the judgment has already been transmitted to the lower court, and the execution of the affirmed judgment is about to be ordered.

"The decision of this Hon. Court was notified to the attorney of record of the defendant-appellant, but the latter did not have an opportunity to become acquainted with the judgment rendered by the Supreme Court until today and, therefore, was unable to apply for a reconsideration of the decision of the Supreme Court prior to the transmission of the mandate to the lower court."

Not long ago, this court, in *Serrallés* v. *Sancho Bonet, Treas.,* 55 P.R.R. 136, 137, said:

"This Supreme Court has constantly applied the rule that once the mandate has been sent to the lower court and in the absence of fraud, accident, inadvertence or error, its return cannot be ordered and it has refused to reconsider judgments which has been notified to the lower courts. See the cases of: *Falcó* v. *Succession Suau,* 18 P.R.R. 713; *Royal Bank of Canada* v. *Goico, et al.,* 35 D.P.R. 1056; *González* v. *Sociedad Civil 'Peña y Balbás',* 38 D.P.R. 1042 (R. N. These last two are per curiam decisions published only in the Spanish edition); *Schlüter & Co.* v. *González et al.,* 38 P.R.R. 224; *Manrique* v. *Ramírez et al.,* 38 P.R.R. 482 and *Mojica* v. *District Court,* 49 P.R.R. 521. In the last two of these cases especially, the question is

amply studied and jurisprudence from the courts of the continent is cited.''

██ The foregoing would be sufficient for denying the reconsideration sought, but as a constitutional question is raised in the motion which was not previously raised in the appeal nor dealt with by this court in its opinion, and as there is some hint of an appeal to the Circuit Court of Appeals for the First Circuit, we have studied said question and we are convinced that the same is without merit.

It is contended that Act No. 14 of July 8, 1936 (Sess. Laws (2) p. 128), of whose violation the defendant was convicted, was not in force at the time he was charged and convicted—1940—because Act No. 95 of May 12, 1937 (Session Laws 1936–37, p. 231) by which it was sought to revive the same fails to comply with the constitutional requisite set forth in the 9th paragraph of Section 34 of our Organic Act.

In this connection defendant alleges that Act No. 14, approved July 8, 1936, was an experimental statute, to be effective only for a period of two years and one day, and that although by Act No. 95, approved May 12, 1937, it was sought to give it a permanent character as there was a failure to comply with the constitutional requirement prescribed by the Organic Act, the purpose sought was not accomplished.

We do not agree. The ninth paragraph of Section 34 of the Organic Act prescribes as follows:

"No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, *but so much thereof* as is revived, *amended, extended,* or conferred *shall be re-enacted and published at length.''* (Italics ours.)

And here the lawmaker complied with the constitutional precept. Act No. 95 of 1937 does not amend Act No. 14 of 1936 by making reference only to the title of the latter, but expresses in its title that its purpose is "To amend Sections 7, 9 and 13 of Act No. 14, entitled . . . " and further on, in the body of the act, it begins by decreeing that "Sections

. . . ., are hereby drafted and amended to read and to take effect as follows." And then all that part of Act No. 14 of 1936 which is amended, that is, sections 7, 9 and 13, is re-enacted and published at length. The remaining portion of the act which is not amended need not be published anew.

The fact that an experimental statute is involved, to be effective only for a period of two years, does not alter the situation, provided the legislative intention is, as was the case herein, clearly expressed in the manner provided by law.

Section 13 of Act No. 14 of 1936 originally provided:

"It is hereby declared that this Act is of an experimental character and, therefore, its provisions shall be in force only for the period of two years and a day from and after the date on which it takes effect; and it is likewise declared that this Act, being of an urgent and necessary character, shall take effect immediately after its approval."

And now, such as it has been amended, reenacted, and published in Act No. 95 of 1937, it provides:

"The Act hereby amended shall have a permanent character in the manner hereby amended, and all laws or parts of laws in conflict herewith are hereby repealed."

The above is sufficient justification for all the unamended sections of Act No. 14 of 1936 to continue in force as originally drafted, because the amendments made did not affect them but sections 7, 9 and 13 which were reenacted and published anew, the amendment to section 13 consisting precisely in giving a permanent character to the act which was formerly transitory.

Even if we could enter into a consideration of the motion on its merits, we would always have to overrule it.